UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JORGE ARTURO ZERMENO DELGADO,

　　　　　　　　Petitioner,

　　v.

JEFFERSON B. SESSIONS, et al.,

　　　　　　　　Respondents.

Case No. C17-1031-RSL-JPD

REPORT AND RECOMMENDATION

Petitioner, who is proceeding through counsel, brings this 28 U.S.C. § 2241 immigration habeas action to obtain release from immigration detention at the Northwest Detention Center in Tacoma, Washington. Dkt. 1. The Government has moved to dismiss. Dkt. 4. Petitioner did not file a response. Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that the Government's motion to dismiss be GRANTED, petitioner's habeas petition be DENIED, and this action be DISMISSED without prejudice.

I.　　BACKGROUND

Petition, a native and citizen of Mexico, entered the United States in May 1995 without inspection. Dkt. 1 at ¶¶ 6, 16; Dkt. 5-1 at 2-3. On May 17, 2017, U.S. Immigration and Customs

Enforcement ("ICE") officers arrested petitioner and transferred him to the Northwest Detention Center. Dkt. 1 at ¶ 23; Dkt. 5-1 at 46, 48. ICE served him with a Notice to Appear, charging him with removability as a non-citizen present in the country without being admitted or paroled, and made the initial decision to hold him without bond. Dkt. 5-1 at 2-3, 48. Petitioner requested that an immigration judge ("IJ") review the custody determination. *Id.* at 48. On June 12, 2017, an IJ held a custody hearing and denied bond, finding that petitioner presented a danger to the community and was a flight risk. *Id.* at 54. Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"), and his appeal remains pending. *See id.* at 56-58; Dkt. 1 at ¶¶ 13, 27. Petitioner's immigration proceedings also remain pending. *See* Dkt. 5-1 at 50, 52.

On July 6, 2017, petitioner initiated this action to obtain release on bond or supervision. Dkt. 1 at 13. He contends that the IJ violated his due process rights and abused her discretion in failing to follow the correct legal standard when considering the evidence presented at the custody hearing. *Id.* at ¶¶ 28-31. The Government now moves to dismiss. Dkt. 4. Petitioner did not file a response.

## II. DISCUSSION

The Government argues (1) petitioner's detention is lawful, (2) petitioner has been afforded all the due process to which he is entitled, (3) the Court lacks subject matter jurisdiction to evaluate the IJ's discretionary bond determination, and (4) petitioner failed to exhaust his administrative remedies. Dkt. 4. As discussed below, the Court concludes that dismissal is appropriate because petitioner has not exhausted his administrative remedies. Thus, the Court does not address the Government's remaining arguments.

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of non-citizens, such as petitioner, who are in removal proceedings. 8 U.S.C. § 1226; *see also*

REPORT AND RECOMMENDATION - 2

*Demore v. Kim*, 538 U.S. 510, 530 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Section 1226(a) grants the Department of Homeland Security ("DHS") discretionary authority to determine whether a non-citizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the non-citizen falls within one of the categories of criminals described in § 1226(c), for whom detention is mandatory.[1]  8 U.S.C. § 1226.

When a non-citizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1(c)(8). After the initial custody determination, the detainee may request a bond redetermination by an IJ. 8 C.F.R. § 236(d)(1). At the bond redetermination hearing, the burden is on the detainee to show to the satisfaction of the IJ that he warrants release on bond. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). In making a bond decision under § 1226(a), an IJ must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Id.* (citing *In re Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976)). An IJ also may consider any number of discretionary factors, including: (1) whether the detainee has a fixed address in the United States; (2) the detainee's length of residence in the United States; (3) the detainee's family ties in the United States, and whether they may entitle the detainee to reside permanently in the United States in the future; (4) the detainee's employment history; (5) the detainee's record of appearance in court; (6) the detainee's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the detainee's history of immigration violations;

---

[1] Although the relevant statutory sections refer to the Attorney General, the Homeland Security Act of 2002, Pub. L. No. 107-296 § 471, 116 Stat. 2135 (2002), transferred most immigration law enforcement functions from the Department of Justice ("DOJ") to DHS, while the DOJ's Executive Office for Immigration Review retained its role in administering immigration courts and the BIA. *See Hernandez v. Ashcroft*, 345 F.3d 824, 828 n.2 (9th Cir. 2003).

REPORT AND RECOMMENDATION - 3

(8) any attempts by the detainee to flee persecution or otherwise escape authorities; and (9) the detainee's manner of entry to the United States. *Id.*

If the IJ denies bond, the detainee may appeal to the BIA. 8 C.F.R. § 236.1(d)(3). If the BIA affirms the IJ's decision, the detainee may seek habeas relief from the district court. *Leonardo v. Crawford*, 646 F.3d 1157, 1159-61 (9th Cir. 2011) (proper procedure to challenge IJ's bond determination is to appeal to the BIA, wait for the BIA to render its decision, and then file a habeas petition in the district court); *see also Sun v. Ashcroft*, 370 F.3d 932, 941 (9th Cir. 2004).

Here, petitioner challenges the IJ's denial of bond. Because the BIA has not yet ruled on his appeal of the IJ's bond determination, petitioner has not exhausted his administrative remedies. *See Leonardo*, 646 F.3d at 1159-61. The exhaustion requirement, however, is prudential, rather than jurisdictional. *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). Therefore, it may be waived. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

When deciding whether to require prudential exhaustion, courts consider whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). Even if these factors weigh in favor of prudential exhaustion, waiver of exhaustion may be appropriate "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v.*

REPORT AND RECOMMENDATION - 4

*Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)).

The Court declines to waive the exhaustion requirement. All three of the *Puga* factors weigh in favor of prudential exhaustion. First, petitioner's BIA appeal asserts that the IJ abused her discretion in assessing whether he poses flight risk or danger to the community, Dkt. 1 at ¶ 27, and this is a question well suited for agency expertise. Indeed, to the extent petitioner challenges the IJ's discretionary judgment, this Court does not have jurisdiction to consider his claim. *See* 8 U.S.C. § 1226(e); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("[non-citizen] may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e)"). Second, relaxation of the exhaustion requirement would encourage deliberate bypass of the administrative remedies. And third, administrative review would allow the agency to correct any mistake in the IJ's determination. In addition, the Court is not persuaded that petitioner's claim of irreparable injury due to continued detention, Dkt. 1 at ¶ 15, warrants waiver of the exhaustion requirement. Because all immigration habeas petitioners could raise the same argument, if it were decisive, the prudential exhaustion requirement would always be waived— but it is not.

When a petitioner fails to exhaust prudentially required administrative remedies and exhaustion is not waived, "a district court should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies . . . ." *Leonardo*, 646 F.3d at 1160. In this case, petitioner's challenge to the IJ's bond determination should be dismissed without prejudice.

III.      <u>CONCLUSION</u>

The Court recommends that the Government's motion to dismiss, Dkt. 4, be GRANTED, petitioner's habeas petition be DENIED, and this action be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 6, 2017**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 13, 2017.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

Dated this 15th day of September, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge